IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL MARTINEAR, #144 612 | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO. 2:05-CV-743-T |
| | (WO) |
| C/O KEATON, *et al*., | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility, files this complaint pursuant to 42 U.S.C. § 1983. He alleges that his personal property was confiscated improperly which resulted in a denial of access to the courts. Named as defendants are Warden Gwendolyn Mosley, Commissioner Donal Campbell, Captain Sconyers, and Correctional Officer Keaton. Plaintiff seeks declaratory relief and damages. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

I. DISCUSSION

During a shake down of his cell Plaintiff asserts that Officer Keaton searched through his property box and found six folders containing inmate legal work. Plaintiff asserts that Officer Keaton confiscated papers he believed were removed from the law library. Despite informing

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

Dockets.Justia.com

Officer Keaton that the papers were obtained through the mail and/or from inmate legal assistance, Plaintiff complains that all his written material was removed from his cell. Although some of the papers were subsequently returned, Plaintiff complains that approximately eight to ten sheets of legal material containing notes of cases were missing.

A. The Property Claim

To the extent that Plaintiff complains about the deprivation of his property, he fails to state a due process claim. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer,* 468 U.S. 517, 531-33 (1984).

> If the [items taken from Plaintiff were] not returned because of [Defendant Keaton's] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Defendant Keaton] intentionally refused to return the [items Plaintiff claims he was authorized to possess and the confiscation was therefore unauthorized], Plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Keaton] acted without authorization. If [Keaton] was acting pursuant to authorization, his actions would be within the outer perimeter of his duties and would not have violated any clearly established constitutional right and therefore he would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Keaton] was acting in bad faith outside the scope of his duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). He fails to allege that his state post-deprivation remedies are inadequate. *See Hudson,*

468 U.S. at 531-33. Consequently, Plaintiff's allegation that his due process rights were violated by Defendant Keaton's confiscation of his property, whether such was the result of negligence or an intentional act, entitles him to no relief from this court.

B. *The Access to Courts Claim*

Plaintiff complains that Defendant Keaton's confiscation of materials which contained research and notes for pending cases violated his right to access the courts. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that

inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Here, Plaintiff has not established a viable claim that he has been denied access to the courts. He has not shown that Defendants engaged in conduct that so hindered his efforts to pursue a non-frivolous legal claim to such a degree that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegation regarding Defendant Keaton's confiscation of legal materials from his cell fails to articulate any "actual injury" accruing to him, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 29, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the

report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of August, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE